JANMARIE S. STEIN-SAPIR, Appellant-Respondent, v LEONARD R. STEIN-SAPIR, Respondent-Appellant.

First Department, May 11, 1976

*Joseph A. D'Addario* for appellant-respondent.

*John M. Schwartz* of counsel *(Phyllis N. Segal* with him on the brief; *Weil, Gotshal & Manges,* attorneys), for respondent-appellant.

*Per Curiam.* Plaintiff appeals from a judgment entered March 11, 1974, in the Supreme Court, New York County (GELLINOFF, J.) insofar as it dismissed her claims against defendant with respect to an antenuptial agreement, and awarded plaintiff the sum of $100 per week permanent alimony, which plaintiff asserts is inadequte. Defendant cross-appeals from the same judgment insofar as it failed to set a time limitation upon the payments of alimony.

The parties were married August 13, 1966, in Acapulco, Mexico, by a civil registrar. Pursuant to the law of Mexico and as part of the ceremony they executed an antenuptial agreement which, by its terms, conferred upon each a 50% share in the property acquired by them during the marriage. The marriage ceremony and the formalities connected therewith were in Spanish which language neither spoke nor understood. Plaintiff wife offered evidence that there were options available to make a choice of the type of agreement they desired to adopt and the parties chose that which provided for community property. She testified the matter was fully explained to them in English. Defendant husband denied there was such explanation but conceded there was a ceremony, a marriage certificate in Spanish given them, and that the signatures on the document looked like his signature and that of plaintiff. At the time of the ceremony plaintiff was about 26 years of age. Defendant was age 29 years, an attorney and a Fulbright scholar. The parties were en route to Australia where defendant expected to complete a number of research papers and to give several lectures. The parties remained in Australia approximately one year and thereafter returned to the United States making several stops along the way. Defendant resumed his work as a lawyer for the Securities Exchange Commission (SEC). Subsequently, defendant obtained a position in New York and plaintiff attended a school in Maryland.

The relationship of the parties deteriorated and in the latter part of 1969 defendant mailed to plaintiff a separation agree-

ment dated December 13, 1969 drawn by an attorney, a friend of defendant or by defendant. Sometime about May or April, 1970 after signing the agreement plaintiff returned the agreement by mail to defendant who had it notarized.

Apparently, the last joint income tax return of the parties was for the year 1969, though defendant testified he contributed to plaintiff's support in 1970.

Trial Term found as a fact the parties were duly married in Mexico and at the time signed a community property agreement written in Spanish. The court found as a fact that there was no translation of the agreement, and that there is no property of the parties subject to the community property agreement executed in Mexico because neither party intended to subject property acquired to such agreement and "there was no true intention by the parties to execute an enforceable contract." No specific finding of any kind was made as to the agreement dated December, 1969, but which actually appears to have been executed at a later date.

We find from the record, the evidence as to Mexican law, and the testimony of plaintiff's expert that in 1966 parties desiring to get married in the State of Guerrero, had to present an agreement with respect to their present properties and those which they might acquire during the marriage. Further, the agreement was required to state "whether the marriage is contracted under the regime of conjugal partnership or of separation of property." This antenuptial agreement met the statutory requirements. Notably, it was stated therein "there is no present property" which was an accurate representation of fact. The law required also "[i]n preparing the agreement * * * the official of the civil registry shall carefully explain to the parties all that they may need to know to the effect that the agreement may be duly drawn up." Plaintiff's testimony that there was a full explanation, though defendant disputed this, plus, the fact that defendant was an attorney, together with the presumptions ordinarily attaching, persuades us that the antenuptial agreement was freely entered and clearly understood by the parties. There is no claim by defendant of any misrepresentation or fraud. Generally, antenuptial contracts are favored when freely entered. If defendant, as a lawyer, did not read or understand the agreement, or have any explanation of the same, his conduct evidenced a degree of carelessness or negligence not to be expected of a sophisticated and mentally brilliant person. The agreement

was an integral part of the marriage contract. The trial court determined that there was a valid marriage contract. We find that as a part thereof there was a valid antenuptial agreement.

The question remaining for resolution is what effect, if any, did the separation agreement dated December 13, 1969, which, by its language, was a superseding agreement, have upon the antenuptial agreement. The trial court did not consider this question. Accordingly, the matter should be remanded for a full hearing to determine the issue.

Judgment entered March 11, 1974, as appealed from by the respective parties, should be modified on the law and the facts to reverse and delete from the said judgment the fourth ordering paragraph and to remand this matter for a new plenary hearing and determination as to the effect, if any, upon the antenuptial agreement executed by the parties on August 13, 1966, in Acapulco, Mexico, in accordance with Mexican law, of a later separation agreement executed by the parties, dated December 13, 1969. As so modified the judgment should be otherwise affirmed, without costs to either party.

STEVENS, P. J., KUPFERMAN, LUPIANO, CAPOZZOLI, and LANE, JJ., concur.

Judgment, Supreme Court, New York County, entered on March 11, 1974, as appealed from by the respective parties, unanimously modified, on the law and the facts, to reverse and delete from the said judgment the fourth ordering paragraph and to remand this matter for a new plenary hearing and determination as to the effect, if any, upon the antenuptial agreement executed by the parties on August 13, 1966, in Acapulco, Mexico, in accordance with Mexican law, of a later separation agreement executed by the parties, dated December 13, 1969. As so modified, the judgment is otherwise affirmed, without costs and without disbursements.